.FRANCISCO SEMIDEY, Complainant,

*v.*

CENTRAL AGUIRRE COMPANY ET AL., Dfts.

---

San Juan, Equity, No. 874.

### As to Modification of Injunction.

Order of Court—Previous Term.

1. While a court is bound by its decree at a previous term, this

Semidey v. Central Aguirre Co.

does not prevent it from modifying an injunction *pendente lite.* This is in its nature provisional.

Preliminary Injunction—Vacancy on the Bench.

2. A preliminary injunction issued in view of the intended vacancy on the bench may be modified after the vacancy is filled.

Equity—Trial of a Case Piecemeal.

3. A court of equity will not try a case piecemeal and render a final judgment against one defendant, leaving the case open as to the other.

Law of Waters—Porto Rico.

4. The first law of waters extended over Porto Rico was that of Spain dated August 3, 1866. This was subsequently repealed and replaced by a new law of June 13, 1879, which was not extended over Porto Rico until Royal Order of April 5, 1886. This is still in force as amended by Acts of Legislative Assembly of 1903 and 1905. Water rights pass with the land to which they are attached without special mention or registry.

Irrigation Right—Separation from Land.

5. While on a preliminary injunction the question of separation of irrigation rights from the land complained of will not be finally passed on, the court will protect the parties by injunction without waiting for action of the public authorities, and an injunction will be granted, although in the middle of the case, upon the giving of a satisfactory bond.

Opinion filed July 15, 1914.

---

*Mr. Perry Allen* for complainant.

*Mr. C. Hartzell* for defendant Aguirre Company, and *Mr. Jorge Dominguez* for defendant Gonzalez.

HAMILTON, Judge, delivered the following opinion:

This cause now comes up upon a motion to modify the in-

Semidey v. Central Aguirre Co.

junction issued by this court December 10, 1912, designed to preserve the *status quo*. The argument is that no one asked for such an injunction, and that, instead of aiding the complainant, who made the motion, it restrains him as much as it does the defendants.

1. Defendant Gonzalez resists the application on the ground that, several terms having elapsed, it is now too late for the court to modify its previous order. A court of equity, however, is not so limited in its powers. It is, of course, bound by its own decrees made at a former term, but the injunction in question only purports to be an injunction *pendente lite*. One part of the order is expressly said to be until further order of the court, and, from the nature of the relief granted, the whole order must be construed as of that nature. The court, therefore, has power to modify the injunction if it appears proper.

2. The complainant asks that the injunction be made to read so as to compel defendant Gonzalez to rebuild a wall or obstruction which is alleged to have been removed by him after it had been placed by the defendant Central Aguirre Company so as to prevent the water from being diverted from its proper use under the original lease and franchise. It may have been quite proper to word the injunction of December 10, 1912, as it was written, inasmuch as the judge of this court had resigned, and it appeared proper to have the case remain as it was, without any advantage to either side, until the bench should be filled. That situation no longer existing, the court will consider the matter so far as relates to a preliminary remedy.

3. A preliminary injunction is ordinarily dissolved upon the coming in of an answer, and the parties are put to their proof respectively. Defendant Central Aguirre Company

stands neutral, and does not oppose the granting of the injunction in the form prayed, and in fact on a previous occasion opposed the injunction in the form in which it was granted. The answer of defendant Gonzalez admits the main facts of the application, and he now relies mainly upon the point that the balance of inconvenience in granting this injunction would fall upon him, and that therefore the court should not make any change. The court is unwilling to try a case piecemeal, and in effect to render a final judgment against one defendant, leaving the questions in the case open as to the other. The application is not resisted so much upon technical grounds as upon the facts, both complainant and Gonzalez having introduced witnesses at the hearing before the judge.

The facts of the case seem to be that complainant leased out their estate Santa Teresa with its water right now in question, and that this property right came down by mesne conveyances to the Central Aguirre Company. That this defendant separated the water right from the leasehold of the land, retaining the land and leasing the water right to Gonzalez, who has used it to irrigate a different piece of property. This is claimed to be contrary to the irrigation laws which have their origin back in Spanish times.

4. The first law of waters was enacted and extended over this Island on August 3, 1866.

This law was subsequently repealed and replaced by the new law enacted in Spain on June 13, 1879, extended over Porto Rico by the Royal Order of April 5, 1886, and published in Porto Rico on April 28, 1886. This last law is still in force, substantially amended by Acts of the Legislative Assembly of Porto Rico of March 12, 1903, and March 9, 1905. (Revised

Semidey v. Central Aguirre Co.

Stat. etc. P. R. p. 457.) The law of 1866 (§ 203) provided for a forfeiture of the water right if used for other purposes than the concession. Water rights pass with the land to which they are attached, without special mention or separate registry.

The present insular government has undertaken an expensive irrigation scheme, and in connection with this is investigating old irrigation rights, with the view of embracing all within one plan as far as possible. It aims to give each claimant his equivalent in the new arrangement, or pay for it by condemnation. It is therefore of importance to all irrigation claimants to have their titles in such shape as to avoid the question of forfeiture.

5. The complainant contends that it is illegal to separate the irrigation right from the land to which it is appurtenant. It is not necessary to decide this point finally, but reference may be had to the law as to twenty years and as to a year and a day (Law of Waters, §§ 11, 14). There could be no forfeiture by the Spanish government until the concessionaire had been heard, and even then he would have a right of review in court. Act of God or other force may or would prevent forfeiture. There may be a question under the present legislation whether the forfeiture should be by quo warranto or by the executive council, but in a proper case there will still be a forfeiture finally by some proceeding. It would seem at all events that it would not be wise to leave this question open until there is an official inquisition into the subject of the rights involved. It would appear that an injunction should be granted substantially as prayed for.

Although made in the middle of the case, the injunction applied for is really only provisional, one *pendente lite,* to protect

Semidey v. Central Aguirre Co.

rights which under the bill have been claimed and enforced for a long time. The court will be unable to give final relief against one defendant, and not against another. It may possibly be therefore that this injunction may be changed at the final hearing. For that reason the rights of the defendant Gonzalez should be protected in the meantime by bond or otherwise. No showing is made as to the money value of the possible injury to Gonzalez, but it would seem from the facts of the case that a bond of $10,000 should be required.

A decree will be entered, therefore, that upon complainant's making a bond of $10,000 to protect defendant Gonzalez from damages, if any, the injunction ordered December 10, 1912, will be modified and rewritten as an injunction directing defendant Gonzalez to close the canal within sixty days thereafter, and, in the event of his not doing so, that the marshal of this court will close the same, as prayed for.